This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39183**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**TIMOTHY TREJO-VIGIL,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Van Snow, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** A jury convicted Defendant Timothy Trejo-Vigil of first degree kidnapping, contrary to NMSA 1978, Section 30-4-1(A) (2003); attempted first degree murder, contrary to NMSA 1978, Section 30-28-1 (1963) and NMSA 1978, Section 30-2-1(A)(1) (1994); five counts of aggravated battery with a deadly weapon against a household member, contrary to NMSA 1978, Section 30-3-16(C)(2) (2018); injury to a pregnant woman, contrary to NMSA 1978, Section 30-3-7 (1985); and battery against a

household member, contrary to NMSA 1978, Section 30-3-15 (2008). Defendant raises two double jeopardy claims on appeal: (1) his convictions for attempted murder and five counts of aggravated battery with a deadly weapon against a household member were based on unitary conduct, and (2) his five convictions for aggravated battery with a deadly weapon against a household member were based on a single course of conduct. Our review of the record reflects that Defendant's convictions for attempted murder and five counts of aggravated battery with a deadly weapon against a household member were based on unitary conduct. We therefore reverse Defendant's aggravated battery convictions.

## BACKGROUND

{2}	In May 2018, Defendant began beating his girlfriend (Victim) after she refused to hand him a knife. Defendant battered Victim repeatedly over the course of two days with several objects, including a kitchen knife, a metal pipe, a machete, two broomsticks, and his fists. The intensity of the attack caused Victim, who was pregnant at the time, to miscarry. Defendant committed these acts in his and Victim's bedroom, refusing to allow Victim to leave, and forcing her to urinate in a water bottle if she needed to use the restroom. Over the course of the beatings, Defendant repeatedly told Victim that he was going to continue beating her and that he hoped the beating killed her.

{3}	Defendant eventually ceased his attack on Victim and allowed her to use her phone so that she could call for medical help. When police arrived, Victim informed them that two strangers had broken into her home, beaten her, and tried to steal her television and laptop. Suspecting that Victim had been subjected to domestic abuse, the police called a domestic violence investigator for assistance. Defendant told the domestic violence investigator that he remembered Victim had picked up a knife but he had blacked out due to alcohol consumption, but he also alluded to possibly having attacked Victim.

{4}	Defendant was brought to trial in December 2019. The jury convicted Defendant of kidnapping, attempted murder, five counts of aggravated battery with a deadly weapon, injury to a pregnant woman, and battery of a household member. This appeal followed.

## DISCUSSION

{5}	Defendant argues that his attempted murder conviction and his five aggravated battery convictions violate the prohibition against double jeopardy because (1) the State did not argue that any specific act was a basis for the attempted murder charge beyond those alleged in the five counts of aggravated battery; (2) the jury was instructed in the alternative to attempted murder, that it could consider the lesser included offenses of aggravated battery of a household member or battery of a household member; and (3) the "numerous objects" on which the jury was instructed in the alternative for the attempted murder charge, battery of a household member, were the same objects named in the five counts of aggravated battery and as such, in order to convict him of

attempted murder, the jury would have had to find that Defendant intended, but failed, to kill Victim by cutting, hitting, or beating her with the objects identified in the five counts of aggravated battery. Based on the foregoing, Defendant argues that the jury could not find independent bases for the aggravated batteries because the testimony did not attempt to link any specific act or weapon with an attempt to kill Victim.

**{6}**   "The Double Jeopardy Clause of the Fifth Amendment protects citizens against multiple punishments for the same offense." *State v. Bernal*, 2006-NMSC-050, ¶ 7, 140 N.M. 644, 146 P.3d 289. "Multiple punishment cases are of two types: those cases in which a defendant is charged with multiple violations of a single statute based on a single course of conduct ('unit of prosecution' cases) and those cases in which a defendant is charged with violating different statutes in a single course of conduct ('double-description' cases)." *State v. Sena*, 2020-NMSC-011, ¶ 44, 470 P.3d 227. "Because double jeopardy challenges are constitutional questions of law, we review them de novo." *State v. Lucero*, 2015-NMCA-040, ¶ 19, 346 P.3d 1175.

**{7}**   Defendant's argument raises a double-description challenge. Double description claims are subject to the two-part test set forth in *Swafford v. State*, 1991-NMSC-043, ¶ 25, 112 N.M. 3, 810 P.2d 1223. We first ask "whether the conduct underlying the offenses is unitary, i.e., whether the same conduct violates both statutes." *Id.* "If it is not, then there is no double jeopardy violation." *State v. Swick*, 2012-NMSC-018, ¶ 11, 279 P.3d 747. If the conduct is unitary, we next "determine whether the [L]egislature intended to create separately punishable offenses. Only if the first part of the test is answered in the affirmative, and the second in the negative, will the double jeopardy clause prohibit multiple punishment in the same trial." *Swafford*, 1991-NMSC-043, ¶ 25.

**{8}**   Our Supreme Court has previously held that our Legislature did not authorize multiple punishments for attempted murder and aggravated battery with a deadly weapon for the same conduct.[1] *Swick*, 2012-NMSC-018, ¶ 29 (stating that "the social harms addressed by each statute do not conclusively indicate an intent to punish separately" and that "both statutes address the social evil of harmful acts on a person's physical safety and integrity . . . but take different degrees into consideration"). Therefore, our inquiry here is whether the conduct underlying Defendant's convictions was unitary. We determine that the conduct was unitary and explain.

**{9}**   The State's theory of the case was that Defendant committed several horrific acts against Victim over the course of two days with the intent to kill her. The State presented and relied on the same testimony addressing Defendant's acts to prove the attempted murder and the five aggravated batteries against a household member. While Victim's testimony established that the batteries happened over the course of two days, it did not conclusively establish when the batteries occurred, nor did it establish there was a change in Defendant's intent. Therefore, "[b]ased upon what was presented at

---

[1]*Swick* addresses NMSA 1978, Section 30-3-5 (1969), the statute addressing aggravated battery, as opposed to Section 30-3-16, the statute addressing aggravated battery against a household member. The only difference between the offenses as defined is the inclusion of the phrase "of a household member." *Compare* § 30-3-5(A), *with* § 30-3-16(A). We therefore determine that *Swick* controls in this matter.

trial, the jury could not have reasonably distinguished distinct factual bases" for the attempted murder count and the aggravated battery counts. *See Lucero*, 2015-NMCA-040, ¶ 25.

**{10}** We are further persuaded that double jeopardy was violated based on our review of the jury instructions. The jury was instructed that it could find Defendant guilty of attempted murder if "Defendant began to do an act which constituted a substantial part of the first degree murder . . . but failed to commit the first degree murder." The jury was alternatively instructed that to find Defendant guilty of aggravated battery with great bodily harm against a household member, the jury had to find that Defendant "touched or applied force to [Victim] by beating her about the head and body with numerous objects." Because the evidence presented at trial did not identify a singular act that constituted attempted murder, in order to convict Defendant of attempted murder, the jury would have had to find that the "act which constituted a substantial part of the first degree murder" was one or all of the many batteries Defendant inflicted on Victim. "In other words, considering the [s]tate's theory of the case, the aggravated battery elements were subsumed within the attempted murder elements." *Swick*, 2012-NMSC-018, ¶ 27.

**{11}** We therefore hold that Defendant's convictions for attempted murder and aggravated battery violate the prohibition against double jeopardy. The rule in New Mexico is that "where one of two otherwise valid convictions must be vacated to avoid violation of double jeopardy protections, we must vacate the conviction carrying the shorter sentence." *State v. Montoya*, 2013-NMSC-020, ¶ 55, 306 P.3d 426. We therefore uphold the conviction for attempted murder and vacate Defendant's five convictions for aggravated battery against a household member. *Compare* §§ 30-2-1, -28-1(A) (stating that murder is a capital felony and that an attempt to commit a capital felony is a second degree felony), *with* § 30-3-16(C) (stating that aggravated battery with a deadly weapon is a third degree felony). *See generally* NMSA 1978, § 31-18-15(A) (2016, amended 2022) (stating that a second degree felony carries a term of nine years imprisonment and a third degree felony carries a term of three years imprisonment). Since we vacate Defendant's aggravated battery convictions, we do not reach his unit of prosecution argument regarding those convictions.

**CONCLUSION**

**{12}** For the foregoing reasons, we reverse.

**{13} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**